UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-61151-Civ-TORRES

JOHN C. ROSADO,

   Plaintiff,

v.

FOREVER PROPOSANE SALES & SERVICE,
INC. a Florida for-profit corporation; and
MANUEL C. ROSADO, individually,

   Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION IN LIMINE

This matter is before the Court on John C. Rosado's ("Plaintiff") motion in limine against Forever Propane Sales &Service, Inc. and Manuel C. Rosado ("Mr. Rosado") (collectively, "Defendants"). [D.E. 68]. Defendants responded to Plaintiff's motion on May 17, 2019 [D.E. 71] to which Plaintiff replied on May 24, 2019. [D.E. 72]. Therefore, Plaintiff's motion is now ripe for disposition. After careful review of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.[1]

---

[1] On December 1, 2017, the parties consented to the jurisdiction of the undersigned Magistrate Judge. [D.E. 28].

## I.    BACKGROUND

Plaintiff filed this lawsuit on June 7, 2017 [D.E. 1] because of Defendants'[2] failure to pay overtime compensation as required under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. §207(a). Defendants employed Plaintiff from June 7, 2014 to July 5, 2016 (the "Relevant Time Period") with an hourly wage of $14 per hour. Plaintiff claims that he worked at Defendants' store for more than 40 hours per week with hours from 8:00 am until 5:30 pm on Mondays through Fridays and 9:00 am to 5:00 pm on Saturday.

During the Relevant Time Period, there were two individuals responsible for Forever Propane's payroll practices, Monika Rosado ("Ms. Rosado") and Jaime Dries ("Ms. Dries"). Ms. Rosado was the office manager from June 2014 to January 2016 and she implemented a payroll practice of compensating employees with a paycheck for the first 40 hours worked in a week and with cash for any overtime hours. Forever Propane did not maintain any records of the time Plaintiff worked during Ms. Rosado's tenure nor did the company comply with the FLSA's recordkeeping requirements for the years 2014 and 2015. Plaintiff alleges that, despite working a significant number of overtime hours, Ms. Rosado only paid him at a flat rate of $14 per hour for all hours worked.[3]

---

[2] Forever Propane is a seller and provider of propane gas for residential and commercial use with annual gross revenue of more than $500,000. Mr. Rosado, on the other hand, is the President of Forever Propane and – until Plaintiff's termination – Plaintiff's immediate supervisor.

[3] Plaintiff concedes that Defendants paid him correctly from May 30, 2016 until his termination on July 5, 2016.

After Ms. Rosado left the company in January 2016, Ms. Dries assumed her responsibilities. Ms. Dries continued Ms. Rosado's practice of compensating Plaintiff at his regular rate of $14 per hour for the first 40 hours and with cash for any overtime hours. Ms. Dries also purportedly continued Ms. Rosado's practice of paying all overtime hours at a flat rate of $14 per hour. Unlike Ms. Rosado, Ms. Dries implemented a time card system to track employee work hours.

Notwithstanding these time records, Plaintiff alleges that he worked approximately 54.5 hours each week and an estimated 1,566 of overtime hours during his employment. Plaintiff claims that this equates to approximately $25,326 in unpaid overtime compensation. Because Defendants failed to compensate Plaintiff at a rate of at least one and a half times his regular wage for hours worked in excess of 40 hours per week, Plaintiff seeks an award for all unpaid overtime, liquidated damages, costs, expenses, reasonable attorneys' fees, and a finding that Defendants willfully violated the FLSA.

## II.   APPLICABLE PRINCIPLES AND LAW

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Under the Federal Rules, evidence is considered relevant if it has the tendency to make a fact of consequence more or less probable. *See* Fed. R. Evid.

401(a)-(b). The Rules permit the exclusion of relevant evidence when the probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. Fed. R. Evid. 403 (emphasis added). Courts are cautioned to use Rule 403 sparingly, *see, e.g., United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983), in part because the federal rules favor admission of evidence and in part because relevant evidence is inherently prejudicial to a defendant. *See id.* (citing to other sources).

The term "unfair prejudice" in and of itself speaks to the ability of a piece of relevant evidence to lure the fact finder into declaring a defendant's guilt on grounds other than specific proof of the offense charged. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997). It also signifies an undue tendency to suggest guilt on an improper basis, commonly an emotional one. *See id.* In the context of a Rule 403 balancing test, the more essential the piece of evidence is to a case, the higher its probative value; the higher a piece of evidence's probative value, the less likely it should be excluded on 403 grounds. *See King*, 713 F.2d at 631.

### III. ANALYSIS

Plaintiff seeks to preclude Defendants from presenting testimony and evidence at trial with respect to (1) Plaintiff's disciplinary history and records (including the reasons for Plaintiff's termination), (2) Plaintiff's firearm business that he engaged in during company work hours, and (3) Plaintiff brandishing a firearm at another employee. Plaintiff claims that these matters are entirely

4

irrelevant to the issues presented and that they do not have any bearing on whether Defendants failed to compensate him for unpaid overtime work. Plaintiff speculates that the only reason for the proposed evidence is to depict him as having a bad or dangerous character and to incite juror biases against individuals who lawfully own, buy, or sell firearms. Because Defendants seek to prejudice the jury with the introduction of irrelevant evidence, Plaintiff concludes that his motion in limine should be granted.

Plaintiff's initial argument is that any evidence of his disciplinary history and records related to his termination should be excluded at trial because it is irrelevant to his FLSA claim. Plaintiff contends that the relevant issues in this case are the number of hours that he worked, and whether Defendants properly compensated him as required under the FLSA. Defendants argues, on the other hand, that the records are germane because they show that Plaintiff was disciplined (1) for taking excess money out of a cash register that did not belong to him and (2) for pursuing personal business affairs while on company time. Defendant posits that both disciplinary actions are relevant because the money that Plaintiff took undermines the allegation that Plaintiff was underpaid, and the pursuit of personal business interests undercuts the number of overtime hours that Plaintiff worked.

We agree with Plaintiff that generic disciplinary records are irrelevant to Plaintiff's overtime claim. However, the items that Defendants seek to introduce relate directly to the amount of money that Plaintiff received outside of his typical paycheck and are germane to the number of hours that Plaintiff worked. This

5

means that, unlike routine disciplinary records, these items touch on the primary issues presented in this case and are related to compensation and Plaintiff's history of not working on company matters during business hours. And Plaintiff noticeably does not contest this component of Defendants' argument in its reply nor does Plaintiff assert that these records would be unfairly prejudicial. Accordingly, Plaintiff's motion to exclude disciplinary records related specifically to the number of hours worked and compensation received is **DENIED**.

The next issue is whether evidence related to Plaintiff's purchase and sale of firearms at work should be excluded. Defendants argue that they should be permitted to introduce evidence on this topic because "[u]nder the FLSA, the general test for measuring whether time is compensable is whether the time is spent 'predominantly for the employer's benefit.'" *Barraza v. Pardo*, 2015 WL 4450069, at *3 (S.D. Fla. July 20, 2015) (citing *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944)). Defendants claim that there are witnesses and documents that show Plaintiff, for at least a period of eight months, bought and sold firearms during company hours as opposed to performing work-related functions. [D.E. 67-3]. Because there is evidence that Plaintiff spent significant time at work furthering a firearm business and not performing company-related duties, Defendants conclude that the proposed evidence undermines the number of hours Plaintiff alleges that he worked.

Plaintiff argues, in his reply, that he does not seek to "preclude testimony and evidence" of Plaintiff "engaging in a personal business on company work time."

[D.E. 72]. Rather, Plaintiff claims that the issue is much narrower in that Plaintiff does not want Defendants to introduce evidence of Plaintiff operating a *firearm* business because it would be inflammatory and prejudicial. This means that Plaintiff's objection to the proposed evidence is not so much based on relevance under Fed. R. Evid. 401, but based on the probative value being outweighed by a danger of unfair prejudice pursuant to Fed. R. Evid. 403. As such, Plaintiff has no objection to any testimony or evidence that relates to Plaintiff engaging in a personal business during work hours – only evidence related to a firearm business.

We are unconvinced, however, that a firearm business, as opposed to a personal business, is so prejudicial that it warrants exclusion under Rule 403. Plaintiff claims that the use of the terms "firearms" or "guns" may inflame the jury, but Plaintiff never develops this argument with any supporting reasons. Plaintiff merely presents a conclusory argument that the nature of a firearm in and of itself is a sufficient reason to exclude the nature of the business that Plaintiff operated. Yet, there is nothing to suggest that a jury would be biased against Plaintiff for selling firearms,[4] as opposed to any other commodity. Because Rule 403 is applied sparingly, *United States v. Cole*, 755 F.2d 748, 766 (11th Cir. 1985), and the balance under Rule 403 weighs in favor of admissibility, Plaintiff's motion to exclude his pursuit of a firearm business during company hours is **DENIED**. *See United States v. Terzado–Madruga*, 897 F.2d 1099, 1117 (11th Cir. 1990).

The final issue presented is whether evidence of Plaintiff brandishing a firearm at a colleague during work hours should be excluded at trial. Plaintiff

---

[4] We assume, of course, that Plaintiff was a licensed seller of firearms.

claims that this evidence has no relevance whatsoever to the allegations presented and that it can only serve to confuse, mislead, and/or polarize the jury. Defendants' response is that the brandishing of a firearm is relevant because it relates to Plaintiff's pattern of selling firearms during company hours.

Plaintiff's motion is well taken because there is zero relevance between Plaintiff brandishing of a firearm at a colleague and the number of hours worked or the amount of compensation received. Even if Plaintiff sold firearms and was off task during company hours, the relevance of brandishing a firearm is inconsequential. This is not a case, for example, where Plaintiff alleges that his employer wrongfully disciplined or terminated him for the brandishing of a firearm at another employee. Instead, this is a FLSA case where Plaintiff claims that he worked overtime and that Defendants failed to pay him as required. Accordingly, Plaintiff's motion is **GRANTED** to the extent Defendants seek to introduce evidence of Plaintiff brandishing a firearm at a colleague because it has no relevance on the disposition of Plaintiff's FLSA claim.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff motion in limine [D.E. 47] is **GRANTED in part** and **DENIED in part**:

A. Plaintiff's motion to exclude disciplinary records related specifically to the number of hours worked and compensation received is **DENIED**.

B. Plaintiff's motion to exclude his pursuit of a firearm business during company hours is **DENIED**.

C. Plaintiff's motion to exclude evidence of Plaintiff brandishing a firearm at a colleague is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of June, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge